IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| *In re*: | ) | |
| GENERAL ELECTRIC CAPITAL | ) | |
|     CORPORATION, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| versus | ) | CIVIL NO. PJM-03-CV-3285 |
| | ) | |
| UNION CORP FINANCIAL | ) | |
|     GROUP, INC., *et alii*, | ) | |
| | ) | |
|     Defendants. | ) | |

***MOTION OF DEFENDANTS CARMEN HERRERA QUA TRUSTTE FOR UNION CORP FINANCIAL GROUP, INC., A FLORIDA CORPORATION, HECTOR ESTRADA, MARTHA ESTRADA AND MICHAEL SAGARO, TO DISMISS FOR IMPROPER VENUE***

COME NOW before this Honorable Court, your defendants known as Carmen Herrera, *qua* Trustee for Union Corp Financial Group, Inc. ("BancUnion"), Hector Estrada, Martha Estrada, and Michael Sagaro (the "Named Defendants"), by and through undersigned counsel, and, pursuant to, *inter alia,* the provisions of Rule 12(b)(3) Fed. R. Civ. P., respectfully, to dismiss as to them the Complaint of your plaintiff, General Electric Capital Corporation ("GECC"), for improper venue. In the alternative, the Named Defendants would respectfully move herein this Honorable Court to vacate, as to them, its December 12, 2003 "Order Granting Request of General Electric Capital Corporation For Writs of Attachment Before Judgment" (the "Order"). As reasons for their motion, the Named Defendants state as follows, *viz.*:

1.   GECC filed this case on or about November 17, 2003. The Complaint on file herein consists of some twenty-two alleged discrete counts, and some 284 numbered

paragraphs.

2.   Essentially, GECC's alleged causes of action arise from BancUnion's assignment to GECC of seven equipment leases. Those leases were purportedly assigned pursuant to identically worded assignment documents, all drafted by GECC  (*See*: Complaint Exhibits 3, 6, 11, 12, 15, 17, 18, 26, 27, 30; such assignment documents are referred to collectively hereinafter *qua* the "Assignments" and individually *qua* an "Assignment").

3.   Each of the Assignments, in additional to containing certain purported representations and warranties regarding the applicable lease transaction, also provide, in relevant part,  *inter alia*, that "[t]he Assignment shall be deemed by the parties to have been consummated in the State of Oregon, and the Assignor consents and acknowledges that by reason of entering into this Assignment, it has entered into and done business in the State of Oregon" and that "[*i*]*n the event of legal action with regard to the terms of this Assignment, the parties agree that any court of general jurisdiction in the State of Oregon shall have jurisdiction over such controversy,* and that venue in any such action may be laid in Washington County, Oregon in any court having subject matter jurisdiction".  (Emphasis added.) (Assignments at ¶8.)

4.   On or about December 5, 2003, GECC filed with this Honorable Court a certain "Ex Parte Request of General Electric Capital Corporation For Writs of Attachment Before Judgment" (the "Motion").

5.   In the Motion, GECC represented to this Honorable Court that "[t]he Complaint in the instant action is *based on contract* and for liquidated damages." (Emphasis added.) (Motion at ¶25.)   The putative "contract" upon which GECC claims

the Complaint is based is the Assignments.

6. In the Order, this Honorable Court found, *inter alia*, that "the claims and damages set forth in the Complaint constitute an action based on contract for liquidated damages as to all Defendants. . . " Such finding was a necessary prerequisite under the provisions of MD. CODE ANN. CTS. & JUDICIAL PROC §3-304 (b), for this Honorable Court to authorize the extraordinary measure of seizure of the Named Defendants' assets.

7. Thus, it is, irrefragably, the law of the instant case that GECC's claims are based on contracts containing an Oregon forum selection provision.

8. It is well established that forum selection clauses are valid unless unreasonable or overreaching. *M/S Bremen v. Zapata Off-Shore Co*., 407 U.S. 1, 92. S. Ct. 1907, 32 L.Ed.2d 513 (1972). *See, also*: *In re Millennium Studios, Inc*., No. DKC 2002-1313 (D.Md. 11/22/2002); *Berry v. Soul Circus, Inc*., No. DKC 2002-0227 (D.Md. 02/25/2002).

9. Furthermore, "[t]he general rule is that when an action arises from a contract or contractual relationship between two parties the choice of forum clause in that contract governs the parties' tort as well as contract claims." *See*: *Berry v. Soul Circus, Inc*., citing *K&V Scientific Co. v. BMW*, 164 F.Supp.2d 1260, 1263 (D.N.M. 2001).

10. Here, it would be perfectly reasonable and just to enforce against GECC its own forum selection clause. In any event, both the general rule cited above and GECC's own classification of this case as a contract matter would appear to require a holding that Oregon is the proper venue for this matter.

11. Should GECC now come to claim, belatedly, that the instant case is not a

contract action after all, and that GECC was, apparently, somehow, asserting so, opportunistically, only for the purpose of obtaining a prejudgment attachment, then it would appear to follow that the Order should be vacated.[1]

WHEREFORE, for the reasons set forth above, the Named Defendants respectfully request that this Honorable Court dismiss the instant cause as to them, and that it provide such other and further relief as may be just and proper under the existent circumstances.

                      Respectfully submitted,

                      /s/Patrick Michael Donahue
                      PATRICK MICHAEL DONAHUE
                      The Donahue Law Firm
                      18 West Street
                      Annapolis, Maryland 21401
                      Telephone: (410) 280-2023
                      Telecopier: (410) 280-0905
                      *E-Mail: pmd@thedonahuelawfirm.com*

                      /s/Joseph Peter Drennan

---

[1] It bears mention that there may be other, independent grounds upon which the Named Defendants may yet move this Honorable Court to vacate the Order, upon full investigation and consideration by the undersigned, such as: (i) material inaccuracies in representations in the supporting affidavit furnished *ex parte* to this Honorable Court by GECC; and (ii) concerns over the an apparent lack of proper procedures to prevent the viewing or seizure of privileged documents from the respective residences of the Named Defendants in Florida, which were addressed in a letter by Joseph Peter Drennan to Maryland counsel on 13 January 2004. It bears further mention that, as for the latter area of concern, undersigned counsel have agreed to furnish to plaintiff's counsel a privilege log identifying all documents believed to have possibly fallen under GECC's purview upon the execution of writs of attachment and seizure against the Named Defendants, so that the parties might attempt to narrow, if not resolve, such area of concern in an expeditious fashion.

JOSEPH PETER DRENNAN
218 North Lee Street
Third Floor
Alexandria, Virginia 22314
Telephone: (703) 519-3773
Telecopier: (703) 548-4399
*E-Mail: [joseph@josephpeterdrennan.com](joseph@josephpeterdrennan.com)*

ATTORNEYS AND COUNSELLORS
FOR MOVANTS

*POINTS AND AUTHORITIES*

1. Rule 12(b)(3) Fed R. Civ. P.;
2. The factors set forth in ramified fashion above;
3. The record herein; &
4. The interests of justice.

                              /s/ Patrick Michael Donahue
                              Patrick Michael Donahue

                              /s/Joseph Peter Drennan
                              Joseph Peter Drennan

*CERTIFICATE OF SERVICE*

I HEREBY CERTIFY that on this 20th day of January 2004, I caused a true, xerographic facsimile of the foregoing to be dispatched by carriage of First Class Mail, through the United States Postal Service, with adequate postage affixed thereto, enshrouded in a suitable wrapper, unto:
Steven N. Leitess Esquire
Leitess, Leitess & Friedberg, P.C,
25 Hooks Lane
Suite 302
Baltimore, MD 21208-1302.

                              /s/ Patrick Michael Donahue
                              Patrick Michael Donahue

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

*In re*:
GENERAL ELECTRIC CAPITAL )
    CORPORATION )
 )
    Plaintiff, )
 )
versus ) CIVIL NO. PJM-03-CV-3285
 )
UNION CORP FINANCIAL )
    GROUP, INC., *et alii*, )
 )
    Defendants. )
_____)

## *O R D E R*

Upon consideration of the motion of defendants CARMEN HERRERA QUA TRUSTTE FOR union corp financial group, inc., A FLORIDA CORPORATION, hector estrada, martha estrada and michael sagaro to dismiss for improper venue, and, it appearing to the Court that the Motion is for good cause shown and is in the interest of justice, it is hereby and herewith

ORDERED that the said Motion be, and the same hereby is,

GRANTED.

Entered: _____      _____
                                                                         UNITED STATES DISTRICT JUDGE

Distribution: Counsel of Record